UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HELEN M. HARRIS-SCOTT,

    Plaintiff,

    v.

JEFFREY IMMELT, et al.,

    Defendants.

_____/

No. C 12-3509 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

**BACKGROUND**

This is a case alleging tort claims based on the defendants' purported failure to award the plaintiff a business contract, the exact nature of which is not entirely clear. Plaintiff Helen Harris-Scott asserts that she engaged for some period of time in a bidding process for a "business development contract," and that the contract was never awarded.

Defendants are Jeffrey Immelt ("Immelt"), identified as Chairman of the Board of Directors of NBC Universal, and also CEO of General Electric Corporation; and the Walt Disney Company ("Walt Disney" – erroneously sued as the "Walt Disney Corporation.")

On June 15, 2012, plaintiff filed a motion for preliminary injunction, which the clerk opened as a miscellaneous case. See Harris-Scott v. Immelt, No. 12-80143 MISC JSW. Named as defendants were Immelt and Walt Disney.

In the motion, plaintiff claimed that she "started communications" with "defendant" NBC Universal in 2008, and that she "presented NBC Universal with an elaborate

development plan of action in movies, theme parks, and television." However, she asserted, NBC Universal "never offered any employment after two years of communications." So, plaintiff "started writing the Walt Disney Company in 2010[,]" and, "[w]ith that, we are now in the fourth year of negotiations toward an unregulated bidding process, that has been un-going [sic] without success for years."

She claimed that "[t]he process continues each week, usually on a Thursday, where defendants – and other bidders meet in an undisclosed location in New York City." She asserted that the bidders "are from different backgrounds of media and entertainment . . . where companies like magazine companies, newspapers [sic] companies, musical entertainers, and movie companies are seen gathering." She claimed that bidding started "months ago" with "upwards of 10+ bidders, and has since gone down to less than 5" because "no one is able to get anywhere (in terms of employment) due to the conduct of the defendants." Because this is "plaintiff's dream profession," she asserts that "it is not an option to chose another profession or quit the process."

Plaintiff claimed further that NBC Universal offered "$100 million dollars" for her "contract," but then was "unable to come up with this amount of money." In addition, Immelt, Chairman of the Board of NBC Universal, assertedly "told other bidders" that "they" (apparently a reference to Immelt and NBC Universal) "plan to extend the plaintiff the opportunity of being their Chief Executive Officer." Nevertheless, plaintiff argued, that offer was "fraudulent and deceptive," because "someone else currently holds that position, and this person has no record of resigning."

Plaintiff also referenced claims under California Business & Professions Code § 17200 (including a claim of antitrust violations under the "unlawful" prong), a claim for intentional infliction of emotional distress, and a claim of negligence, and concluded with a request that the court issue an order "relieving NBC Universal in the negotiating process, as plaintiff clearly doesn't want to work for them. And would feel uncomfortable doing so." She then asserted a right to happiness, guaranteed by the Declaration of Independence, and that she was exercising her First Amendment right to petition the court for redress of

grievances.

The court issued an order denying the motion, on the basis that it was mistakenly filed as a miscellaneous matter, and should have been filed in conjunction with a civil case. The court also ordered that plaintiff file a civil action by July 6, 2012, and pay the filing fee or file an IFP request, and stated that if she failed to do so by that deadline, the case would be dismissed with prejudice.

Accordingly, plaintiff filed the complaint (which is labeled "Amended Complaint") in the present action on July 6, 2012. The complaint asserts a cause of action under Business and Professions Code § 17200, a claim for intentional infliction of emotional distress, and a claim of negligence. Although it is not entirely clear from the complaint, it appears that the § 17200 claim and the intentional infliction of emotional distress claim are alleged only against Immelt, and that the negligence claim is alleged only against Walt Disney. However, there are even fewer facts alleged in the complaint than there were in the prior motion for preliminary injunction.

Plaintiff describes herself as a "promising, Writer/Business Developer," and appears to be claiming that she has engaged in various business dealings with defendants. Cplt ¶ 4. She makes vague allusions to contract negotiations with NBC Universal and a "bidding process for a business development contract" and to her decision to "pursue her dream profession" with Walt Disney, id. ¶ 5, but provides no factual details, other than the allegations that Immelt offered her a "$100 million dollar contract," id. ¶ 6, and that she submitted two television projects to Walt Disney and former Disney board member Steve Jobs "held onto the plaintiff's prospective contract for one year," id. ¶ 8.

**DISCUSSION**

A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for

3

failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir.1994).

B.  Defendants' Motion

Defendants argue that all causes of action should be dismissed, and that the dismissal should be with prejudice. The court agrees that the complaint must be

4

1 dismissed, but finds that leave to amend is warranted as to the fraudulent business
2 practices cause of action.

3     First, the claim for violation of § 17200 fails to state a claim for relief. California's
4 Unfair Competition Law proscribes any "unlawful, unfair, or fraudulent business act or
5 practice" and any "deceptive, untrue, or misleading advertising." See Cal. Bus. & Prof.
6 Code § 17200. Plaintiff has alleged no facts showing any violation of the UCL.

7     As an initial matter, the complaint pleads no facts showing that a particular
8 defendant engaged in one of the practices prohibited by the statute, and that plaintiff
9 suffered actual injury as a result of that defendant's actions. In addition, the complaint fails
10 to state a § 17200 claim based on "bid rigging," fails to allege a claim based on fraud, fails
11 to state a claim for false advertising, and fails to establish a claim for relief under federal
12 antitrust statutes.

13     "Bid rigging" is an agreement between competitors pursuant to which contract offers
14 are to be submitted to or withheld from a third party. United States v. Reicher, 983 F.2d
15 168, 170 (10th Cir. 1992); see also U.S. v. Guthrie, 814 F.Supp. 942, 950 (E.D. Wash.
16 1993). Even were it clear that "bid rigging" violates § 17200, plaintiff has alleged no
17 conspiracy or collusion between competitors, apart from Immelt's alleged unilateral attempt
18 to "stall and suppress negotiations," Cplt ¶ 6. Moreover, plaintiff concedes that she was not
19 a part of the alleged "negotiations," and thus, could have no personal knowledge of any
20 bidding sessions.

21     As for the alleged fraudulent business practices, the complaint fails to plead fraud
22 with particularity, as plaintiff's only claim is that Immelt's alleged "bid rigging" constituted
23 fraud. However, plaintiff fails to allege the "who, what, when, where, and how" of the
24 alleged fraud. In particular, she alleges no facts showing that any misrepresentation was
25 made to her by any particular defendant, or that she relied to her detriment on any such
26 misrepresentation.

27     With regard to false advertising, plaintiff's claim fails because she alleges that it was
28 her services that were being marketed and advertised, not Immelt's or NBC's. Moreover,

she does not allege that any defendant made a false statement that was "likely to deceive members of the public," or that Immelt attempted to induce anyone to enter into an obligation so he could dispose of property or services. Similarly, with regard to federal antitrust statutes, the complaint does not specify which acts by which defendants constitute unfair competition.

Second, the claim for intentional infliction of emotional distress also fails to state a claim for relief. Under California law, the elements of a claim of intentional infliction of emotional distress are "'(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009) (quoting Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993)).

To satisfy the first element, plaintiff must allege facts showing conduct that "exceeds . . . all bounds usually tolerated by a decent society," and which is of a nature especially calculated to cause, and does cause, mental distress. See McDaniel v. Gile, 230 Cal. App. 3d 363, 372 (1991) (citing Agarwal v. Johnson, 25 Cal. 3d 932, 946 (1979)). Moreover, when a plaintiff alleges that a defendant acted recklessly for purposes of a claim of intentional infliction of emotional distress, the plaintiff must allege facts showing that she was present when the outrageous conduct occurred. Potter, 6 Cal. 4th at 1002.

Here, plaintiff alleges that defendants acted with "reckless disregard," although she fails to specify how defendants were reckless, other than that "they both knew that the plaintiff was on the verge of losing her home, but they didn't show any care toward that fact," Cplt ¶ 7, and fails to identify any specific "outrageous" conduct. However, what is fatal to her claim is her admission that she was not present when the unspecified outrageous conduct occurred, as she alleges that "[t]hese bidding sessions were never in the presence of the plaintiff, but in the presence of other bidders, who told many others about the goings on in the proceedings." Cplt ¶ 6. Nor has she alleged facts showing that

6

she suffered extreme emotional distress (which she fails to describe in the complaint), or that the emotional distress she suffered was caused by the "outrageous" conduct of the defendants.

Third, the claim for negligence fails to state a claim for relief. To state a claim for negligence, a plaintiff must allege facts showing that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, that the plaintiff suffered injury, and that the defendant's breach proximately caused the injury. See Exxonmobile Oil Corp. v. Nicoletti Oil Inc., 713 F.Supp. 2d 1105, 1113 (E.D. Cal. 2010).

Here, plaintiff alleges no facts showing that Walt Disney owed her a duty of care. The general rule is that there is no duty to protect a party from the acts of third parties, unless there is a "special relationship." See Giraldo v. Dept. of Corrections & Rehab., 168 Cal. App. 4th 231, 245 (2008); see also Wells Fargo Bank v. Renz, 795 F.Supp. 2d 898, 926 (N.D. Cal. 2011). To survive a motion to dismiss where a negligence claim is based on an alleged failure to protect from acts of third parties, the plaintiff must plead facts showing the existence of a special relationship. See Exxonmobile, 713 F.Supp. 2d at 1113; Renz, 795 F.Supp. 2d at 926.

In this case, plaintiff has not alleged any facts showing the existence of any special relationship that would impose a duty of care on Walt Disney. Thus, in the absence of any duty, she cannot allege a breach of duty, or any resulting injury.

Defendants argue that the dismissal should be with prejudice. In her opposition, plaintiff requests leave to amend, "to clarify the facts in this case." She does not, however, provide any hint as to what that clarification might consist of, except to assert that "[t]hese bidding sessions continued on multiple Thursdays, during the years of 2012 through 2012, in New York City" and that they "continued (even after) plaintiff filed the complaint."

She also claims that "[t]here was massive disorganization, with last minute cancellations and all, which made it even more confusing" and that she "was not allowed to attend these sessions under a media rule" because "the media tends to operate under a certain cloak of secrecy in bidding sessions." She contends that there are "multiple

7

witnesses" who participated in these events and "witnesses the actions of defendants," and that it is her belief that the U.S. Government and the Department of Justice's Antitrust Division have "video, and audio to further substantiate" her claims. Thus, she seeks leave to amend the complaint.

## CONCLUSION

In accordance with the foregoing, the motion is GRANTED. Because the court finds that amendment would be futile, the dismissal of the causes of action for intentional infliction of emotional distress and negligence is WITH PREJUDICE, as is the dismissal of all aspects of the § 17200 claim except the claim of fraudulent business practices. As to that portion of the § 17200 claim, while the court is doubtful that repleading will cure the deficiencies of the claim, the court will grant leave to amend, to plead fraud with particularity as required by Rule 9(b).

Any amended complaint must be filed no later than February 28, 2013. Plaintiff may add no new parties or new causes of action without leave of court.

The February 6, 2013 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: January 29, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge